BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

FEB -4 1976

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE AIR CRASH DISASTER )
AT JOHN F. KENNEDY INTERNATIONAL ) DOCKET NO. 227
AIRPORT ON JUNE 24, 1975 )

OPINION AND ORDER

BEFORE ALFRED P. MURRAH *, CHAIRMAN, AND JOHN MINOR WISDOM **,
EDWARD WEINFELD *, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF
THE PANEL

PER CURIAM

On June 24, 1975, an Eastern Air Lines 727 jet aircraft, en route from New Orleans, Louisiana, to New York, New York, crashed on its approach to John F. Kennedy International Airport during poor weather. One hundred thirteen of the 124 individuals on board died as a result of the crash. Of the eleven survivors, all of whom allegedly suffered various injuries, nine were passengers and two were crew members. The persons aboard were residents of five states and twelve nations.

Thirty-seven actions arising from this air disaster have been commenced in four federal district courts: 23 in the Southern District of New York; seven in the Eastern

---

\*   Judges Murrah and Weinfeld were unable to attend
     the Panel hearing and, therefore, took no part
     in the consideration or decision of this matter.

\*\*  Judge Wisdom recused himself and, therefore, took
     no part in the consideration or decision of this matter.

- 2 -

District of Louisiana; five in the Eastern District of New York; and two in the Southern District of Mississippi. Plaintiffs in these actions are comprised of injured passengers, relatives of deceased passengers and administrators of decedents' estates. Defendants are Eastern, The Boeing Company, which manufactured the ill-fated aircraft, and the administrator of the estate of the airplane's deceased captain. In addition, defendant Eastern has filed third-party claims against the United States in three of the actions that are pending in the Southern District of New York. Plaintiffs are proceeding on various theories of negligence, willful misconduct, products liability and absolute liability. Compensatory and punitive damages are sought.

Defendant Eastern moves the Panel for an order transferring all actions to the Eastern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407.1/ All responding parties agree on the obvious need for Section 1407 treatment, but disagree over the appropriate situs for the transferee court. Defendant Boeing and plaintiffs in the Eastern District of New York actions concur with Eastern's choice. Plaintiffs

---

1/ Defendant Eastern's motion was supplemented on three occasions by itself and certain plaintiffs, whereby additional lawsuits were included for consideration by the Panel.

- 3 -

in seventeen of the Southern District of New York actions and defendant United States favor transfer to either the Southern or Eastern Districts of New York, while the plaintiffs in two other actions pending in the Southern District of New York maintain that that district is the only appropriate transferee forum. Plaintiffs in the Louisiana and Mississippi actions request transfer of all actions to the Eastern District of Louisiana.

We find that these actions involve common questions of fact and that their transfer to the Eastern District of New York for coordinated or consolidated pretrial proceedings under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

The most adamant opposition to movant's proposed transferee forum comes from the plaintiffs who seek transfer of all actions to the Eastern District of Louisiana. While these plaintiffs recognize that the Panel generally transfers actions spawned by an air disaster to the district in which the crash occurred, which in this litigation is the Eastern District of New York, they argue that the Panel has deviated from this rule whenever persuasive reasons have demonstrated it prudent to do so, and such is the case here. In support of their position, the Louisiana proponents argue as follows: the majority of passengers involved in

- 4 -

this air crash were residents of Louisiana, Mississippi and Alabama; most of the Eastern, Boeing, Federal Aviation Administration and various weather personnel knowledgeable about either the design, manufacture or maintenance of the aircraft or the proper airport and flight-crew operating procedures during inclement weather reside closer to Louisiana than to New York; the majority of the southern plaintiffs' anticipated expert witnesses reside closer to Louisiana than to New York; the court calendar in the Eastern District of New York is far more congested than the one in the Eastern District of Louisiana; and transfer of the southern lawsuits to a New York district would work a financial hardship on these plaintiffs, in contrast to the superior resources of defendants.  One of the Louisiana plaintiffs adds that the necessity to apply Louisiana law in his action is another reason for selecting the Louisiana forum.  The parties favoring solely the Southern District of New York as the transferee forum maintain that that district is preferable simply from the standpoint of convenience to counsel.

We have not been persuaded to deviate from our "situs of the crash" rule in this litigation and, therefore, select the Eastern District of New York as the most appropriate transferee forum.  Indeed, on the basis of the record before us, there are a number of reasons to adhere to this principle.

Most of the anticipated key witnesses on the issue of liability reside near Kennedy Airport, for example: the FAA air traffic controllers from the airport control tower, traffic controllers from the New York Common I.F.R. Room and the New York Air Route Traffic Control Center, local weather observers and forecasters, Port of New York Authority officials responsible for supervising the airport's operations, and approximately forty eyewitnesses. Moreover, the tape recordings of conversations between the traffic controllers and the flight-crew, as well as other relevant documents from the FAA and the National Weather Service, are located in the Eastern District of New York. And Judge Henry Bramwell, to whom all the Eastern District of New York actions are assigned, has had an opportunity to become familiar with the issues involved in this litigation, which will enable him to supervise it toward its most just and expeditious termination.

We share the southern plaintiffs' concern to minimize the overall expenses in this litigation but we are confident that those parties can experience a net savings of time, effort and expenses by Section 1407 treatment in the Eastern District of New York and the accompanying utilization of techniques recommended in the <u>Manual for Complex Litigation</u>.

- 6 -

For example, since all plaintiffs share virtually identical interests concerning the issue of liability, the judicious use of liaison counsel, lead counsel and steering committees could streamline the entire pretrial operation and even eliminate any need for most counsel to travel to the transferee district. See Manual for Complex Litigation, Part I, §§1.90-1.93 (rev. ed. 1973).

Finally, we note that it is within the very nature of coordinated or consolidated pretrial proceedings in multidistrict litigation for the transferee judge to be called upon to apply the law of more than one state. See, e.g., In re Air Crash Disaster at Boston, Massachusetts, on July 31, 1973, 399 F. Supp. 1106 (D. Mass. 1975). Thus, plaintiff can be assured that Louisiana law, as well as any other state's law, if appropriate, will be duly applied by the transferee judge.

IT IS THEREFORE ORDERED that all actions listed on the following Schedule A and pending in districts other than the Eastern District of New York be, and the same hereby are, transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Henry Bramwell for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the actions listed on Schedule A and pending in that district.

SCHEDULE A                                                    DOCKET NO. 227

### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Joseph Dispenza, etc. v. Eastern Airlines, et. al. | Civil Action No. 75-2412 |
| Ernest Glenn Windbourne v. Eastern Air Lines, Inc., et al. | Civil Action No. 75-2715 |
| Florence Cathy Lepetit v. Eastern Air Lines | Civil Action No. 75-2203 |
| Linda Arely-Alas DaRocha v. Eastern Air Lines | Civil Action No. 75-2049 |
| Sidney C. Schoenberger, et al. v. Eastern Air Lines, et al. | Civil Action No. 75-2716 |
| Mrs. Evelyn H. Domangue, et al. v. Eastern Air Lines, et al. | Civil Action No. 75-3006 |
| Millard G. Boyer, et al. v. Eastern Air Lines, et al. | Civil Action No. 75-3163 |

### EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Efstratios Stratis v. Eastern Airlines, Inc. | Civil Action No. 75 C 1151 |
| Arthur Marchesi and Nancy Marchesi v. Eastern Air Lines, Inc., et al. | Civil Action No. 75 Civ 1218 |
| Arthur Marchesi and Nancy Marchesi, etc. v. Eastern Air Lines, Inc., et al. | Civil Action No. 75 Civ. 1451 |
| Grigorios Georgakis v. Eastern Air Lines, Inc., et al. | Civil Action No. 75 Civ 1511 |
| Arthur D. Marchesi v. Eastern Air Lines, Inc. | Civil Action No. 75 Civ. 1196 |

### SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| Berlin Ladner, etc. v. Eastern Air Lines, Inc. | Civil Action No. S75-153(n) |
| Gracie Earline Searls Farmer, et al. v. Eastern Airlines, Inc., et al. | Civil Action No. S75-212(C) |

— 2 —

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Bernice Wolff Norman, etc. v.<br>Eastern Air Lines, Inc., et al. | Civil Action<br>No. 75 Civ. 3221 |
| Marilyn F. D'Amelio, etc. v.<br>Eastern Air Lines, Inc., et al. | Civil Action<br>No. 75 Civ. 3743 |
| Rosemary W. McCarthy, etc. v.<br>Eastern Air Lines, Inc., et al. | Civil Action<br>No. 75 Civ. 3790 |
| Ann Toback, etc. v. Eastern Air<br>Lines v. U.S.A. | Civil Action<br>No. 75 Civ. 3582 |
| John R. Cassata et ux v.<br>Eastern Air Lines, Inc. | Civil Action<br>No. 75 Civ. 4607 |
| Luigi Simon Behar Gabay v.<br>Eastern Air Lines, et al. | Civil Action<br>No. 75 Civ. 4701 |
| Tierney A. O'Rourke, etc. v.<br>Eastern Airlines, Inc., et al. | Civil Action<br>No. 75 Civ. 4702 |
| Tierney A. O'Rourke, etc. v.<br>Eastern Airlines, Inc., et al. | Civil Action<br>No. 75 Civ. 4703 |
| Tierney A. O'Rourke, etc. v.<br>Eastern Airlines, Inc., et al. | Civil Action<br>No. 75 Civ. 4704 |
| Tierney A. O'Rourke, etc. v.<br>Eastern Airlines, Inc., et al. | Civil Action<br>No. 75 Civ. 4705 |
| Tierney A. O'Rourke, etc. v.<br>Eastern Airlines, Inc., et al. | Civil Action<br>No. 75 Civ. 4706 |
| Tierney A. O'Rourke, etc. v.<br>Eastern Airlines, Inc., et al. | Civil Action<br>No. 75 Civ. 4707 |
| Tierney A. O'Rourke, etc. v.<br>Eastern Airlines, Inc., et al. | Civil Action<br>No. 75 Civ. 4708 |
| Tierney A. O'Rourke, etc. v.<br>Eastern Airlines, Inc., et al. | Civil Action<br>No. 75 Civ. 4709 |
| Tierney A. O'Rourke, etc. v.<br>Eastern Airlines, Inc., et al. | Civil Action<br>No. 75 Civ. 4710 |

- 3 -

| | |
|---|---|
| Tierney A. O'Rourke, etc. v.<br>Eastern Airlines, Inc., et al. | Civil Action<br>No. 75 Civ. 4711 |
| Tierney A. O'Rourke, etc. v.<br>Eastern Airlines, Inc., et al. | Civil Action<br>No. 75 Civ. 4712 |
| Tierney A. O'Rourke, etc. v.<br>Eastern Airlines, Inc., et al. | Civil Action<br>No. 75 Civ. 4713 |
| Tierney A. O'Rourke, etc. v.<br>Eastern Airlines, Inc., et al. | Civil Action<br>No. 75 Civ. 4714 |
| Tierney A. O'Rourke, etc. v.<br>Eastern Airlines, Inc., et al. | Civil Action<br>No. 75 Civ. 4715 |
| Tierney A. O'Rourke, etc. v.<br>Eastern Airlines, Inc., et al. | Civil Action<br>No. 75 Civ. 4875 |
| Kathleen G. Mattingly, etc. v.<br>Eastern Airlines, Inc. | Civil Action<br>No. 75 Civ. 5008 |
| Marjorie DeMario, etc. v.<br>Eastern Airlines, Inc. | Civil Action<br>No. 75 Civ. 5009 |